FILED
CHARLOTTE, NC

DEC - 6 2010

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:10cr170-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT ORDER AND JUDGMENT** |
| v. ) | **OF FORFEITURE** |
| ) | |
| DARNELL LARON AULTON, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 922, 18 U.S.C. § 924(d), 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c):

    **One Norinco model SKS 7.62x39mm Russ caliber semiautomatic rifle, serial number 11388897;**

    **Sixteen (16) Chinese 7.62x39mm Russ caliber cartridges; and**

    **Two (2) Soviet 7.62x39mm Russ caliber cartridges.**

2. The United States Marshal Service and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest; and

5. Following the Court's disposition of all timely petitions filed, a Final Order of Forfeiture shall be entered. If no third party files a timely petition, this Order shall become the Final

Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset constitutes property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 922, 18 U.S.C. § 924(d), 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_for_ JENNIFER LYNN DILLON, ESQ.
Assistant United States Attorney

Darnell Aulton
DARNELL LARON AULTON
Defendant

_for RG-E_
RAHWA GEBRE-EGZIABHER, ESQ.
Attorney for Defendant

Signed this the 6th day of December, 2010.

_____
UNITED STATES JUDGE